UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SYRAN,<br><br>                              Plaintiff,<br><br>    v.<br><br>LEXIS NEXIS GROUP, ET AL.,<br><br>                            Defendants. | Civil No.   05-CV-909-LAB (CAB)<br><br>**ORDER GRANTING PARTIES'**<br>**REQUEST FOR EXTENSION OF**<br>**DISCOVERY DATES** |

      On November 7, 2006, upon the parties' request, the Court held a Case Management Conference. The parties reported that a related case, *Witriol v. LexisNexis Group, et al.*, has been transferred from the Northern District of California to this District and assigned Case No. 06-CV-2360 DMS (CAB). A Notice of Related case has been filed in the transferred action. The parties intend to seek consolidation of the two cases. The parties are also discussing settlement of both cases and therefore sought extensions of the current discovery dates. Accordingly, for good cause appearing, IT IS HEREBY ORDERED:

      1.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be *filed* on or before **January 5, 2007**.

      2.    Any motion for class certification shall be filed on or before **March 2, 2007.**

      3.    The parties shall designate their respective case-in-chief experts in writing by **March 23, 2007**. Rebuttal experts shall be designated on or before **April 6, 2007**. The written designations shall include the name, address and telephone number of the expert and a reasonable

summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

   4. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than April 20, 2007**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

   5. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **May 3, 2007**.

**Please be advised that failure to comply with expert discovery or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. Rule 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

   6. All <u>non-expert</u> discovery shall be completed by all parties on or before **April 18, 2007**.

   *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of Magistrate Judge Cathy Ann Bencivengo no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

   7. All <u>expert</u> discovery shall be completed by all parties on or before **May 18, 2007**.

   8. A Mandatory Settlement Conference shall be conducted on **December 7, 2006, at 2:00 p.m.** in the chambers of Magistrate Judge Cathy Ann Bencivengo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **November 30, 2006**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling

legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

9. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  For good cause, and on ex parte application at least one day before the scheduled settlement conference, Magistrate Judge Bencivengo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference.  Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

10. All corresponding dates are VACATED.  All other dates remain the same.

11. Plaintiff's counsel shall serve a copy of this order and the Standing Order in Civil Cases issued by Hon. Larry Alan Burns on all parties that enter this case hereafter.

DATED:  November 07, 2006

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).